## No. 470

### JACOBS v. FERRIS

No. 19779. Supreme Court

On motion to certify. Dock. Apr. 17, 1926.

480. EVIDENCE—May pleadings filed by a plaintiff in a suit for damages for personal injury ten years before the present action was commenced be admitted in a subsequent suit filed by the same plaintiff for damages arising from another injury?

Adeline Jacobs brought this suit originally in the Summit Common Pleas for personal injuries received when she was knocked down by an automobile driven by C. V. Ferris.

It was claimed that the injury resulted in a tubercular abscess of the spine.

The trial court, over the objection of Jacobs, admitted certain pleadings filed in a similar action by plaintiff ten years previous to the time this action was begun and thereby impeached the credibility of the plaintiff's testimony by attempting to show she had made false and fraudulent claims in the previous suit which had been settled and dismissed without trial.

The judgment of the trial court for the defendant, Ferris, was affirmed by the Appeals.

Jacobs, in the Supreme Court, contends that the court committed prejudicial error in admitting the pleadings of the former case on the ground that they were irrelevant to any issues to the case on trial and tended to raise mere collateral issues.

Attorneys—Kryder & Baer, for Jacobs; Smoyer & Smoyer, for Ferris; all of Akron.

---

## No. 471

### EVANS (Treas.) v. HELLWARTH

No. 19776. Supreme Court

On motion to certify. Dock. Apr. 16, 1926.

1053. ROADS AND HIGHWAYS—Does the lling of an application by the adjacent land owners for the improvement of a Main Market Road, its acceptance by County Commissioners, and application to the State Highway Department for state aid the building of the portion of the road petitioned for under the direction of the Highway Department, the County Commissioners cooperating therewith, make the petition of the land owners a pending proceeding as to the entire road petitioned for?

This action was brought originally in the Mercer County Common Pleas by David Hellwarth against S. L. Evans Treasurer of Mercer County for a permanent injunction against Evans restraining him from the collection of a certain assessment.

It appears that in February 1916 certain land owners filed a petition with the Commissioners of Mercer County requesting them to apply for State aid in the construction of about 5½ miles of Main Market Road, which was done in the same month. Such proceedings took place so that 1½ miles of road were built under the law that existing and found in 105-106 Ohio Laws, pages 623 to 637 and especially Sec. 207 which reads in part as follows:

"Ten per cent of the cost and expense of improvement, excepting therefrom the cost and expenses of bridges and culverts shall be a charge upon the property abutting on the improvement."

In 1917 the law was changed so as to enlarge the area which could be assessed for such a road, being 1214 GC., which reads in part as follows:

"And provided further that the County Commissioners by a resolution passed by a unanimous vote may make the assessment of ten per cent or more as the case may be, of the cost and expense of improvement against the real estate within one-half mile of either side of the improvement or against the real estate within one mile of either side of the improvement."

In 1920 the Commissioners proceeded to build another portion of this road and attempted to assess the property owners as provided in 1214 GC.

The Court of Appeals granted the injunction on the theory that this application was pending and that, because a law cannot be retroactive the law as existing in 1916 applies.

The Treasurer in the Supreme Court contends that a petition is not a pending proceeding and that Sec. 224 of 106 Ohio Laws 644 which provides in part that, "There shall be no necessity of petitions being filed as in other improvements", conclusively proves contention because it is clear by this law that the legislature intended to give the Highway Department a free hand in road building and that it was not its design to limit the State Highway Commissioner in any respect by former proceedings.

Attorneys—Loree & Kloeb for Treasurer; J. F. Raudabaugh for defendant; all of Celina.